THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION
IN ADMIRALTY

| | |
|---|---|
| Danielle Wiskerchen,<br><br>                Plaintiff,<br><br>  v.<br><br>Stephen Mumpower, Caleb Parker, Dunae Nesmith, Chad Burgess, LaTonya Burgess, Dream Carolina Watersports, Dream Carolina Realty, Dream Carolina Realty Group, LLC, Dream Carolina Community Care, LLC, and Dream Carolina Investments, LLC,<br><br>                Defendants. | Civil Action No.: 0:22-cv-02361-MGL<br><br>**Chad Burgess, Duane Nesmith, LaTonya Burgess, Dream Carolina Realty Group, LLC d/b/a Dream Carolina Realty, Dream Carolina Community Care, LLC d/b/a Dream Carolina Watersports and Dream Carolina Investments, LLC Answer to Plaintiff's Claim** |

**NOW COMES** Defendants Chad Burgess, Duane Nesmith, LaTonya Burgess, Dream Carolina Realty Group, LLC d/b/a Dream Carolina Realty, Dream Carolina Community Care, LLC d/b/a Dream Carolina Watersports and Dream Carolina Investments, LLC (collectively "Defendants"), by and through undersigned counsel, responding to the Complaint state as follows:

**FIRST DEFENSE**

These Defendants deny each and every allegation of the Plaintiff's Complaint that are not herein specifically admitted.

1.      Paragraph 1 states a legal conclusion for which no response is required. To the extent a response is required, Defendants crave reference to the pertinent law and any allegations inconsistent therewith are denied.

2.      Paragraph 2 states a legal conclusion for which no response is required. To the extent

1

a response is required, Defendants crave reference to the pertinent law and any allegations inconsistent therewith are denied.

3. Paragraph 3 states a legal conclusion for which no response is required. To the extent a response is required, Defendants crave reference to the pertinent law and any allegations inconsistent therewith are denied.

4. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 4 and therefore deny the same.

5. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 5 and therefore deny the same.

6. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 6 and therefore deny the same.

7. Defendants deny the allegations stated in Paragraph 7.

8. Defendants admit the allegations stated in Paragraph 8.

9. Defendants admit the allegations stated in Paragraph 9.

10. Defendants deny the allegation stated in Paragraph 10, but admits Dream Watersports is a d/b/a of Dream Carolina Community Care, LLC.

11. Defendants admits the allegations stated in Paragraph 11.

12. Defendants admits the allegations stated in Paragraph 12.

13. Defendants admits the allegations stated in Paragraph 13.

14. Paragraph 14 states a legal conclusion for which no response is required. To the extent a response is required, Defendants crave reference to the pertinent law and any allegations inconsistent therewith are denied.

15. Paragraph 15 states a legal conclusion for which no response is required. To the extent a response is required, Defendants crave reference to the pertinent law and any allegations inconsistent therewith are denied.

16. Defendants deny the allegations stated in Paragraph 16.

17. Defendants deny the allegations stated in Paragraph 17.

18. Defendants deny the allegations stated in Paragraph 18.

19. Defendants deny the allegations stated in Paragraph 19.

20. Defendants deny the allegations stated in Paragraph 20, except admit Dream Watersports operates a jet ski rental business on Lake Wylie.

21. Defendants deny the allegations stated in Paragraph 21.

22. Defendants deny the allegations stated in Paragraph 22.

23. Defendants deny the allegations stated in Paragraph 23.

24. Defendants admit the allegations stated in Paragraph 24.

25. Defendants admit the allegations stated in Paragraph 25.

26. Defendants admit the allegations stated in Paragraph 26.

27. Defendants deny the allegations stated in Paragraph 27.

28. Defendants admit the allegations stated in Paragraph 28.

29. Defendants admit the allegations stated in Paragraph 29.

30. Defendants admit the allegations stated in Paragraph 30.

31. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 31 and therefore deny same.

32. Defendants are without sufficient information to admit or deny the truth of the

allegations in Paragraph 32 and therefore deny same.

33. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 33 and therefore deny same.

34. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 34 and therefore deny same.

35. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 35 and therefore deny same.

36. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 36 and therefore deny same.

37. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 37 and therefore deny same.

38. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 38 and therefore deny same.

39. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 39 and therefore deny same.

40. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 40 and therefore deny same.

41. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 41 and therefore deny same.

42. Defendants are without sufficient information to admit or deny the truth of the allegations in Paragraph 42 and therefore deny same.

43. Defendants deny the allegations stated in Paragraph 43.

44. Paragraph 44 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny these allegations.

45. Paragraph 45 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

46. Paragraph 46 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

47. Paragraph 47 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

48. Paragraph 48 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

49. Paragraph 49 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

50. Paragraph 50 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

51. Paragraph 51 does not allege any fact or matter as to Defendants and states a

conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

52. Paragraph 52 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

53. Paragraph 53 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

54. Paragraph 54 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

55. Paragraph 55 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

56. Paragraph 56 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

57. Paragraph 57 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

58. Paragraph 58 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants

are without knowledge as to these allegations.

59. Paragraph 59 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

60. Paragraph 60 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

61. Paragraph 61 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny these allegations.

62. Paragraph 62 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

63. Paragraph 63 does not allege any fact or matter as to Defendants and states a conclusion of law to which no response is required. To the extent a response is required, Defendants are without knowledge as to these allegations.

64. Paragraph 64 does not allege any fact or matter and states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny these allegations.

65. Defendants deny the allegations stated in Paragraph 65.

66. Defendants deny the allegations stated in Paragraph 66.

67. Defendants deny the allegations stated in Paragraph 67.

68. Defendants deny the allegations stated in Paragraph 68.

69. Defendants deny the allegations stated in Paragraph 69.

70. Defendants deny the allegations stated in Paragraph 70.

71. Defendants deny the allegations stated in Paragraph 71.

72. Defendants deny the allegations stated in Paragraph 72.

73. Defendants deny the allegations stated in the Prayer.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES:
(Intervening/Superseding Cause)**

74. Whatever injuries and damages, if any, may have been sustained by the Plaintiff, they were due to superseding and/or intervening cause beyond the control of these Defendants.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES:
(Comparative Fault)**

75. Plaintiff's damages, if any, must be reduced by the proportion that the negligence or culpable conduct attributable to Plaintiff bears to the negligence or culpable conduct of others.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES:
(Sole Negligence)**

76. Plaintiff's injuries and the damages resulting therefrom were caused by Plaintiff's negligence, lack of care, and other fault.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THE DEFENDANT ALLEGES:
(Open and Obvious Danger)**

77. That the perils and dangers existing at the time of the incident, if any, were open and obvious to the Plaintiff, who nevertheless conducted herself in such a manner as to voluntarily assume all risks knowing the open and obvious dangers inherent in such activities.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,**

## THE DEFENDANT ALLEGES:
### (Punitive Damages Unconstitutional)

78. That any award or assessment of punitive damages to the extent being prayed for by Plaintiff would violate these Defendants' constitutional rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and comparable provisions of the South Carolina Constitution.

79. That these Defendants pleads all applicable caps on punitive damages, including but not limited to, the caps described in S.C. Code § 15-32-530, et seq., as amended.

## FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:
### (Reservation and Non-Waiver)

80. These Defendants reserve any additional and affirmative defenses as may be revealed or become available to it during the course of their investigation and/or discovery in the case and is consistent with the Federal Rules of Civil Procedure.

## FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:
### (Negligence of Others)

81. Plaintiff's alleged damages were caused by the fault, negligence or gross negligence of Stephen Mumpower and/or Caleb Parker.

**WHEREFORE**, having fully answered the Plaintiff's Complaint, and having asserted these affirmative defenses, Defendants, Chad Burgess, Duane Nesmith, LaTonya Burgess, Dream Carolina Realty Group, LLC d/b/a Dream Carolina Realty, Dream Carolina Community Care, LLC d/b/a Dream Carolina Watersports and Dream Carolina Investments, LLC, pray that the Plaintiff's Complaint be dismissed with prejudice and that they be awarded the costs and reasonable fees associated with this matter, and such other relief as the Court may deem just and proper.

BLUESTEIN LAW FIRM, P.A.

By: s / S. Scott Bluestein
S. Scott Bluestein / Federal Id No. 6891
266 W. Coleman Blvd.
Suite 103
Mount Pleasant, SC 29464
Post Office Box 22253
Charleston, SC 29413-2253
Telephone:  843-577-3092
Facsimile:  843-577-3093
Email: scott@boatinglaw.us

ATTORNEY FOR DEFENDANTS,
Dunae Nesmith, Chad Burgess, LaTonya Burgess, Dream Carolina Watersports, Dream Carolina Realty, Dream Carolina Realty Group, LLC, Dream Carolina Community Care, LLC, and Dream Carolina Investments, LLC

October 24, 2022
Mount Pleasant, South Carolina